IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC., located at 1111 North Capitol Street, NE Washington, DC 20002<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, located at 201 C Street NW Washington, DC 202520<br><br>          Defendants. | Civil Action No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 et seq.** |

Plaintiff National Public Radio, Inc. ("Plaintiff"), by its undersigned attorneys, allege as follows:

## INTRODUCTION

1. Plaintiff brings this action against the United States Department of State ("State") to compel its compliance with the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, as amended ("FOIA").

2. On September 7, 2021, Plaintiff submitted a FOIA request (the "Request") to State seeking historical records from the early 1980s related to negotiations with Cuba over the repatriation of Cuban refugees. In 1984, these negotiations culminated in a list of 2,746 specific refugees — or "excludable aliens" — whom Cuba agreed to receive from the United States ("the List").

3. Plaintiff has not received a response to its FOIA Request.

4. Plaintiff brings this action under FOIA to enjoin State from continuing to improperly withhold agency records that are responsive to Plaintiff's Request. This FOIA action is necessary because State continues to withhold responsive records since Plaintiff made the Request over six months ago, constituting constructive denial of the Request.

5. The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citations omitted). "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted).

6. Through its FOIA Request, Plaintiff seeks to shed light on the nature of, and motivations underlying, State's preparation and use of the List to repatriate Cuban individuals in the United States back to Cuba. Plaintiff appreciates that certain responsive records and information may be subject to FOIA exemptions, but under FOIA, segregable portions of records must be produced. However, to date, State has provided no response to Plaintiff's request and has not produced a single record.

7. These are matters of significant public interest concerning a major historical event. In 1980, over 120,000 Cubans arrived in Florida fleeing the Castro regime in a mass exodus known as the Mariel Boatlift (the "Boatlift"). The Boatlift was a turning point for both U.S. immigration policy and U.S.-Cuban relations, triggering decisions that greatly altered the course of American history. The records sought in Plaintiff's FOIA Request would explain the government's diplomatic and policy responses to the Boatlift. Now, more than thirty years later, the public deserves full transparency about the government's actions during that era.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

10. Plaintiff National Public Radio, Inc. ("NPR") is a non-profit multimedia organization and the leading provider of non-commercial news, information, and entertainment

programming to the American public. NPR's fact-based, independent journalism helps the public stay on top of breaking news, follow the most critical stories of the day, and track complex issues over the long term. NPR reaches approximately 53 million people on broadcast radio, podcasts, NPR apps, NPR.org and YouTube video content per month. NPR distributes its radio broadcasts through more than 1,000 non-commercial, independently operated radio stations, licensed to more than 250 NPR members and numerous other NPR-affiliated entities.

11. Defendant U.S. Department of State is a federal agency within the meaning of 5 U.S.C. § 552(f). Plaintiff is informed and believe that State has possession and control of the records sought through its FOIA Request.

## FACTUAL ALLEGATIONS

12. On September 7, 2021, Plaintiff submitted a FOIA request concerning negotiations with Cuba over a list of 2,746 "excludable aliens" whom Cuba would allow the United States to repatriate.

13. Plaintiff's FOIA request sought disclosure of all records relating to:

   A. The actual list of the names of 2,746 excludable aliens.

   B. An April 1980 memo written by [Michael G.] Kozak [State Department Legal Advisor], in which he, according to author David Engstrom, outlines "various options for dealing with migration of Cuban refugees. The memo included points that could be used to justify a decision to prohibit entry. Kozak noted that prosecutions for bringing Cubans to the United States in the past were rare, and that unless the government were prepared to demonstrate its willingness to do so, Cuban Americans would assume there was no serious risk in participating in the boatlift."

   C. Internal State correspondence and correspondence with Cuban officials in 1980 and 1981, when Kozak was part of a State Department team meeting with Cuban officials over migration and other issues.

   D. Internal State correspondence and correspondence with Cuban officials in 1984, when Kozak was a legal advisor in the State Department's delegation that negotiated the "excludables list." From July-December 1984, there were several rounds of "list" talks.

    E. Internal State correspondence and correspondence with Cuban officials in 1986-1987, when Kozak again led the U.S. delegation during negotiations with Cuban officials about the fate of the Mariel detainees.

Attached as **Exhibit A** is a true and correct copy of the FOIA Request.

  14. Plaintiff also requested a waiver of duplication fees associated with processing records for this Request on the basis that disclosure of the requested records would primarily benefit the general public, and that as a news organization, Plaintiff intended to use the information as a basis for a planned news story.  *See* Ex. A at 3.

  15. To date, Plaintiff has not received a response from State to the FOIA Request.

### *Exhaustion of Administrative Remedies*

  16. FOIA requires a government agency to respond to a party making a FOIA request within 20 working days.  5 U.S.C. § 552(a)(6)(A)(i).  Because State has failed to even acknowledge the Request, Plaintiff is "deemed to have exhausted [its] administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

### CLAIM FOR RELIEF

### (Violation of FOIA)

  17. Plaintiff repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

  18. Plaintiff has a legal right under FOIA to obtain the agency records sought in their Request, and there exists no legal basis for State's failure to make these records available.

  19. State's steadfast failure to make promptly available responsive records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A)(i), and applicable regulations promulgated thereunder.

### REQUESTED RELIEF

  WHEREFORE, Plaintiff respectfully requests that the Court:

  A. Order State to conduct an immediate search for all records responsive to Plaintiff's Request, employing search methods reasonably likely to lead to discovery of records responsive to the Request;

B. Order State to produce, by a date certain, all nonexempt records and portions of records responsive to Plaintiff's FOIA Request, and a *Vaughn* index of each responsive record or portion of record withheld under a claim of exemption;

C. Enjoin State from continuing to withhold any nonexempt record responsive to Plaintiff's FOIA Request;

D. Order State to grant Plaintiff's request for fee waivers;

E. Award to Plaintiff attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

F. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: March 4, 2022

Respectfully submitted,

By their attorneys,

/s/ Courtney T. DeThomas
Courtney T. DeThomas (D.C. Bar. No. 888304075)
Patricia J. Peña (D.C. Bar No. 1632347)
 *(D.D.C. attorney admission application to be filed)*
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500 East
Washington, D.C. 20005-3317
(202) 973-4200
courtneydethomas@dwt.com
patriciapena@dwt.com

Thomas R. Burke (*pro hac vice* forthcoming)
Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, CA  94111
(415) 276-6500
thomasburke@dwt.com

*Attorneys for Plaintiff NATIONAL PUBLIC RADIO, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2022, I caused the foregoing Plaintiff's Complaint for Declaratory and Injunctive Relief to be served via the court's CM/ECF system upon the Clerk of the Court.

/s/ Courtney T. DeThomas
Courtney T. DeThomas