# EXHIBIT A

| | |
|---|---|
| **From:** | Robert Benincasa <RBenincasa@npr.org> |
| **Sent:** | Tuesday, September 07, 2021 10:30 AM |
| **To:** | foiarequest@state.gov |
| **Cc:** | Jeff Guo |
| **Subject:** | FOIA Request from NPR |



September 7, 2021

**VIA E-MAIL TO FOIAREQUEST@STATE.GOV**

U. S. Department of State
Office of Information Programs and Services
Freedom of Information Act
2201 C Street N.W., Suite B266
Washington, D.C. 20520-0000
FOIARequest@state.gov.

**RE:** *U.S./Cuba negotiations over "excludable" Cubans, 1979-1988*

To Whom It May Concern:

Under the federal Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA"), I request as a reporter for National Public Radio, Inc. (NPR), on behalf of myself and NPR, that the United States Department of State make available to us for inspection and copying the following records:

- **Michael G. Kozak correspondence/papers about the negotiations with Cuba (1980-1987, specific priorities below)**

    Mr. Kozak was the State Department legal advisor who worked on Cuba issues throughout the 1980s and who negotiated with Cuban diplomats to form a list of 2746 "excludable aliens" whom Cuba agreed to repatriate. We request all Kozak correspondence/notes/papers about the creation of the list, including but not limited to:

    o   The actual list of the names of 2746 excludable aliens.

    o   An April 1980 memo written by Kozak, in which he, according to author David Engstrom, outlines "various options for dealing with migration of Cuban refugees. The memo included points that could be used to justify a decision to prohibit entry. Kozak noted that prosecutions for bringing Cubans to the United States in the past were rare, and that unless the government were prepared to demonstrate its willingness to do so, Cuban Americans would assume there was no serious risk in participating in the boatlift."

    o   Internal State correspondence and correspondence with Cuban officials in 1980 and 1981, when Kozak was part of a State Department team meeting with Cuban officials over migration and other issues.

    o   Internal State correspondence and correspondence with Cuban officials in 1984, when Kozak was a legal advisor in the State Department's delegation that negotiated the "excludables list." From July-December 1984, there were several rounds of "list" talks:

- July 12-13, 1984: Kozak and the U.S. delegation met with the Cuban delegation in a hotel in midtown Manhattan.

- August 1984: The delegations met again New York.

- November 28-December 2, 1984: The negotiations continued in the Pérez de Cuellar suite at the U.N. Plaza Hotel, and the two sides finally reached an agreement.

- December 12-14, 1984: The two sides met at the Roosevelt Hotel to compare names and create the list of excludables. They then signed the agreement.

o Internal State correspondence and correspondence with Cuban officials in 1986-1987, when Kozak again lead the U.S. delegation during negotiations with Cuban officials about the fate of the Mariel detainees.

- On July 7-9, 1986, the two sides met in Mexico City to renew.

- In September 1987, Cuban offered to meet again with Kozak.

- On November 4, 1987, the two sides met in Montreal and agreed in principal on a new migration accord.

- On November 19, 1987, the two sides met in Mexico City to sign the agreement.

- **Kenneth N. Skoug Jr. correspondence/papers about Cuban affairs (1982-1988)**

Mr. Skoug was State's Coordinator for Cuban affairs from 1982-1988. He has written extensively about the negotiations with Cuba, including the meetings and discussions referenced above.

- **Stephanie van Reigersberg correspondence/papers (1982-1987)**

Mrs. Reigersberg was the State Department interpreter who worked the 1984 meetings between the U.S. and Cuba.

- **Wayne Smith correspondence/papers about Cuban affairs (1979-1982)**

From 1979 to 1982, Smith was the Chief of Mission of the US Interests Section in Havana. In his book, *The Closest of Enemies: A Personal and Diplomatic History*, Smith writes in detail about his internal State Department efforts around Cuba, including but not limited to:

o A March 25, 1981 memo ("Havana telegram 2069) from Smith to Secretary Haig called "Assessment of Internal Conditions in Cuba"
o An April 10, 1981 memo ("Havana telegram 2376) from Smith to Secretary Haig called "Cuban Foreign Policy: Recapitulation and Assessment"

- **Cyrus R. Vance Sr. correspondence/papers about Mariel Boatlift (January-April 1980)**

Mr. Vance was Secretary of State from 1977-1980. Though Vance resigned on April 28, 1980, in the early days of the boatlift he advocated for the position that the boatlift was unlawful and that the refugees were technically aliens.

**Electronic format request.** We request that responsive electronic records be provided electronically in their native file format. Alternatively, we request that the records be provided electronically in a text-searchable format in the best quality in the agency's possession.

**Segregation of non-exempt portions.** As you know, the FOIA provides that if portions of a document are exempt from release, the remainder must be segregated and disclosed. Therefore, please send us all non-exempt portions of the records we have requested and justify any deletions by reference to specific exemptions of the FOIA. We reserve the right to appeal your decision to withhold any materials.

Since some of the documents listed above may be more readily available than others, please provide the documents that are available as soon as possible without waiting to provide access to all the documents.

We understand that the agency may redact properly classified information, but the agency must leave reasonably segregable unclassified information unredacted (such as authors, recipients, dates, and subject matter headings).)

**Fee waiver request.** The FOIA provides for waiver or reduction of fees if disclosure could be considered as "primarily benefiting the general public." We are journalists employed by NPR and intend to use the information we are requesting as a basis for a planned news story, which makes us "representatives of the news media." Therefore, we ask that you waive all duplication fees. If you deny this request, however, and the fees will exceed $250, please notify us of the charges before you fulfill our request so that we may decide whether to pay the fees or appeal your denial of our request for a waiver.

**Contact information.** I submit this request in my capacity as a journalist, and this information is time-sensitive. Accordingly, I would appreciate your communicating with me by telephone, (202) 420-1148, or email (rbenincasa@npr.org), rather than by mail, if you have any questions regarding this request. You can also communicate with anyone in NPR's Legal Department, including Micah Ratner (mratner@npr.org) or Jeff Guo (jguo@npr.org).

We look forward to receiving your reply within twenty (20) business days, as required by federal law.

Thank you for your anticipated cooperation with this FOIA request.

Sincerely,
Robert Benincasa
Producer